## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DOUGLAS FARMER,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO.  09-337-GPM** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 04-30139-01-GPM** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Douglas Farmer's motion for relief pursuant to 28 U.S.C. § 2255.  Following a jury trial, Farmer was found guilty of one count involving conspiracy to distribute cocaine, cocaine base, and marijuana.  He was sentenced to 240 months imprisonment, five years supervised release, a fine of $1250, and a special assessment of $100.  On direct appeal, Farmer argued only that the trial court improperly denied his motion under the Speedy Trial Act; the Seventh Circuit Court of Appeals rejected this argument.  *United States v. Farmer*, 543 F.3d 363, 368-69 (7th Cir. 2008).

Farmer then filed the instant motion under § 2255.  In this motion, Farmer argues that his counsel was ineffective before and at trial, during sentencing, and on direct appeal.  As support for this contention, he sets forth at least ten different situations in which he believes that counsel's performance was constitutionally defective:  (1) counsel failed to argue for a buyer-seller instruction; (2) counsel failed to pursue on appeal the motion to suppress wiretaps filed in the district court; (3) counsel failed to challenge the expert witness testimony on direct appeal; (4) counsel

failed to challenge the relevant conduct attributed to Farmer; (5) counsel failed to ensure that the jury was instructed properly; (6) counsel failed to raise certain objections to Farmer's Presentence Investigation Report at sentencing or on direct appeal; (7) counsel did not understand the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005); (8) counsel failed to challenge the Government's lack of proof that Farmer was involved in a conspiracy; (9) counsel failed to challenge certain aspects of Farmer's sentence on direct appeal; and (10) counsel failed to raise other issues on direct appeal.  Farmer then filed a supplement to his motion, adding additional arguments regarding the validity of his sentence.

The Court **ORDERS** the Government to file a response to Farmer's motion within **THIRTY (30) DAYS** of the date of this Order.  That response shall address the issues raised in the original motion (Doc. 3) as well as the supplement (Doc. 6).  The Government shall, as part of its response, attach all relevant portions of the record.

Farmer's motion for his *pro se* documents to be given leniency (Doc. 5) is not necessary, as the Court must give a liberal construction to pleadings submitted by *pro se* litigants.  *See, e.g., Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  Thus, this motion is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  12/01/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge